**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROVE LLC,** | |
| Plaintiff, | |
| -against- | **20-cv-02124 (ALC)** |
| **ANTONIO168 ET AL.,** | **DEFAULT JUDGMENT** |
| Defendants. | |

**ANDREW L. CARTER, United States District Judge:**

Plaintiff Rove LLC ("Plaintiff") brings this action against Defendants[1] for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and related state and common law claims. Compl., ECF No. 4 ¶¶ 1, 53-91.

The Clerk of Court entered a Certificate of Default as to the non-appearing Defendants[2] on March 27, 2023. See ECF No. 15. Plaintiff moved for default judgment on March 28, 2023. ECF Nos. 16-19. On April 4, 2023, the Court issued an Order to Show Cause as to why an order

---

[1] Antonio168, Budfang, Bud_porn, Bugoo1, Cbdbudvape, Cbdopen2016, Cbdtank, Cbd_vape_pen, Cigmvp, Dankmanufacture, Evafun, Fpindustry, Gadgettop, Green_store01, Green_supply, Hempvape01, Hotcartridge, Ismok, Jpodfactory, Kangertech01, Keweisitong, Levape, Liuxi19880510, Marvelous2019, Nacthy, Nuwell, Senmar, Sexvp, Smoktech88, Smokvape, Summer0816, Szcngate, Szgarden, Trustway, Txalbert_cigsltd, Vapefactory880, Vaporkingdom, Vapormaker, Xiaxiaanan, Xuxiu99 and Yujinlin.

[2] Defendants bud_porn, budfang, Bugoo1, cbd_vape_pen, cbdbudvape, cbdopen2016, cbdtank, cigmvp, evafun, Fpindustry, gadgettop, green_store01, green_supply, hotcartridge, ismok, Jpodfactory, keweisitong, levape, liuxi19880510, Marvelous2019, nacthy, nuwell, senmar, smoktech88, smokvape, summer0816, szcngate, szgarden, trustway, Txalbert_cigsltd, Vapefactory880, vaporkingdom, vapormaker, xiaxiaanan, xuxiu99, and yujinlin.

pursuant to Fed. R. Civ. P. 55 entering default judgment should not issue. ECF No. 20. The non-appearing Defendants were directed to show cause in writing on or before May 1, 2023. *Id*. The non-appearing Defendants were advised that failure to respond to the Order to Show Cause would be grounds for granting a default judgment in Plaintiff's favor. *Id*. On April 4, 2023, Plaintiff served the Order to Show Cause and its papers in support of the motion for default judgment pursuant to the methods of alternative service authorized by the TRO and PI Order on every non-appearing Defendant, except Defendants hotcartridge and keweisitong. *See* Certificate of Service, ECF No. 22 ¶ 6.

On May 25, 2023, the Court ordered the Plaintiff to file copies of documents they cited to in their memorandum of law in support of the default judgment motion.[3] ECF No. 23. The Court also directed Plaintiff to file a supplemental letter by June 2, 2023 explaining why it did not serve the Order to Show Cause on Defendants hotcartridge and keweisitong and why it is appropriate for this Court to enter default judgement against these non-appearing defendants. *Id*. Plaintiff filed the documents, ECF Nos. 24-28, on May 25, 2023 and the supplemental letter, ECF No. 30, on May 31, 2023.

To date, the non-appearing Defendants have not responded to the Order to Show Cause or otherwise participated in this action. For the reasons that follow, Plaintiff's motion for default judgment is **GRANTED** as to liability.

## STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk

---

[3] Specifically, the Court ordered the Plaintiff to file copies of the Declarations of Phil Hon, Jessica Arnaiz, and Danielle S. Yamali, Plaintiff's TRO Application and Exhibit C to the Complaint. ECF No. 25 at 2.

of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. See Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit has "suggested that, prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendants] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (citations and internal quotations omitted.)

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id*. at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)). An inquiry as to damages requires the district court to: (1) "determin[e] the proper rule for calculating damages on ... [the] claim" and (2) "assess[ ] plaintiff's evidence

3

supporting the damages to be determined under this rule." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. Here, Plaintiff's submissions have not been contested.

## DISCUSSION

### I.     Violation of the Lanham Act

Plaintiff only seeks damages for its first and second causes of action (trademark counterfeiting and infringement) and therefore, the Court will only address these causes of action. Pl's Mem., ECF No. 18 at 1 n.2. Claims of counterfeiting and trademark infringement fall under Section 32 of the Lanham Act, which prohibits any person from using, without the consent of the registrant, a reproduction or counterfeit of a registered mark when "such use is likely to cause confusion, or to cause mistake, or to deceive...." 15 U.S.C. § 1114(l)(a). In order to prevail on such a claim, a plaintiff must demonstrate (1) that it owns a valid trademark entitled to protection under the Lanham Act, (2) that the defendants used the trademark in commerce without plaintiff's consent in connection with the sale of goods or services, and (3) there was a likelihood of consumer confusion. *See Kaisha v. Wholesale,* No. 17-CV-9419 (ALC), 2018 WL 11226749, at *3 (S.D.N.Y. Sept. 28, 2018) (citing *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005)).

Upon review of the allegations in the Complaint, as well as the above-discussed elements of the relevant cause of action, Plaintiff has satisfied their burden of proof with respect to this claim. Taking all allegations as true, Plaintiff is entitled to default judgment as to liability.[4]

---

[4] As to the two non-appearing defendants who were not served the Order to Show Cause and the default judgment papers, the Court finds these defendants liable as well. *See Moskovitz v. La Suisse,* No. 06 CIV. 4404 CM, 2013 WL 6197163, at *3 (S.D.N.Y. Nov. 25, 2013) ("if a party hasn't appeared, the Federal Rules don't require that a default judgment be served on him at all. Fed.R.Civ.P. 55(b)(2) only requires service of a notice of default judgment if 'the party against whom a default judgment is sought has appeared personally or by a representative.'")

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is **GRANTED**.

**SO ORDERED.**

Dated:   **October 13, 2023**
         **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**